WILLIAM P. REND ET AL.

v.

CHICAGO WEST DIVISION RAILWAY COMPANY.

1. JOINT TORT-FEASORS—No CONTRIBUTION.—The law will not enforce contribution between joint tort-feasors. So, in a case where appellee having been obliged to pay a judgment recovered against it for an injury to one of its passengers, and subsequently appellee brought suit against appellants to recover the amount of such judgment, alleging that the injury was caused by appellants' servants, it was error to instruct the jury that they must find

whether the injury was wholly the result of the negligence of appellee or appellants, and upon this find a verdict for or against the plaintiff. The injury may have been the result of the joint negligence of both, and in that case the verdict should be for defendants.

2. JUSTIFICATION—ORDINANCE.—The injury resulted from a collision between appellants' team and appellee's street car, each seeking to reach the bridge in advance of the other. The fact that an ordinance of the city gave the car the right-of-way as against a private team, offers no justification or excuse to appellee. It was its duty to avoid a collision, and seek a remedy, if desired, against appellants for violation of the ordinance.

APPEAL from the Circuit Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed May 4, 1881.

This suit was brought by the Chicago West Division Railway Company against William P. Rend and Edwin Walker, to recover damages caused by a collision between a loaded wagon belonging to the defendants and one of the horse cars of the plaintiff. The case was before this court at the March term, 1880, on appeal from a judgment in favor of the defendants, on demurrer to the declaration, which judgment was reversed for the reasons stated in the opinion then filed. C W. D. R. W. Co. v. Rend et al. 6 Bradwell, 243. A trial was afterwards had in the court below on a plea of not guilty, and a verdict rendered in favor of the plaintiff for $2,000, for which sum and costs the plaintiff had judgment.

The facts appearing at the trial are substantially as follows: The collision in question occurred on the 7th day of October, 1875, at the intersection of west Randolph and Canal streets, Chicago. The plaintiff's car was on its way east on west Randolph street, and had stopped at a point about seventeen feet west of the west line of Canal street in consequence of the opening of the bridge over the river. The defendant's wagon, in charge of their driver, and heavily loaded, was at the same time passing south on Canal street with the intention of turning east on Randolph, and stopped just as it had reached and was passing the east line of Randolph, so as to stand near the northeast corner of the two streets. At that time there was a line of vehicles on Randolph street waiting to cross the

bridge, extending from the river to near the east line of Canal street, the space between the rear of the line and the car being open, the wagon standing to the right and about seventeen feet from the rear of the line, and the car some sixty-five or seventy feet from the same point. In the rear of the wagon was also a long line of vehicles extending north on Canal street.

When the bridge was closed and the line of vehicles on Randolph street began to move, both the car and wagon started to take the place at the rear of the line. Before they started, a policeman on duty at the crossing gave the car-driver a signal to move forward, and at the same time ordered the driver of the wagon to remain standing. The latter however, testifies that he heard no order from the policeman, and did not see him at all until after the collision. The car seems to have started first, though both commenced to move at nearly the same instant. Both started rapidly, the car at a trot and the driver of the wagon whipping up his horses and urging them forward, so as to get ahead of the car.

The evidence as to what occurred from the time they started up to the instant of the collision is somewhat conflicting. According to the testimony of the plaintiff's witnesses, the car-driver, seeing that the driver of the wagon was apparently trying to get in ahead, called out to him, bestowing upon him an opprobrious epithet and asking him where he was going, and telling him to hold on, that he had no business there; to which the latter replied, with a similar epithet, that he would show him; that, thereupon the driver of the wagon continued to whip up his horses and urge them forward, and when they arrived to within about twelve feet of the east line of Canal street, the car and wagon collided.

The version given by the driver of the wagon is, that he did not notice that the car was coming until he had started and nearly reached the track; that there was a considerable rise in the grade from the place where he was standing to the car tracks, and from that point along Randolph street to near the bridge; that after starting to go up the grade with his heavy load, it was impracticable for him to stop; that he waited un-

til he thought everything was clear and started, driving along Canal street until his wagon had cleared the north car-tracks, and then endeavored to turn east on the south tracks; that he had nearly reached the south tracks when he discovered that the car was coming, it then being some distance away; that the first thing he heard was the collision of the car against the wagon, and at that time the car-driver said something, but he does not remember what it was.

As the car and wagon came together, the hind wheel of the wagon caught against the front dash-board of the car, bending it forward, and as the wheel slipped off, the dash-board recoiled hitting against the knee of one David D. Cornell, a passenger on the car, who at the time was standing with others on the front platform, inflicting upon him a severe injury.

Subsequently, Cornell brought suit against the railway company, Rend and Walker, to recover damages for said injury. That suit was dismissed by Cornell as to Rend and Walker, and being afterwards tried, a judgment was recovered therein in favor of Cornell against the railway company for $4,000 and costs, which judgment was paid by the company. In the present suit, the plaintiff seeks to recover, by way of special damages, the amount so paid to Cornell.

At the trial, the defendants asked the court to give to the jury the following instruction :

" 2.   The jury are instructed as a matter of law, that it was the duty of the plaintiff railway company, at the time of the injury in question, to so run, manage and operate their cars upon their tracks as not to endanger their passengers, but so as to carry them safely to their several points of destination along the line of said plaintiff's car-tracks.   And if the jury believe, from the evidence, that the truck-wagon of the defendants in question started to go, and was going, east on Randolph street upon the track of said railway company, or to the south side thereof, at the place of the injury in question, and that the driver or conductor of plaintiff's car upon which Cornell was riding, saw, or by reasonable care and diligence might have seen, said truck-wagon so going along Randolph street and upon said car-tracks; and if the jury believe from the evi-

Rend v. C. W. D. R. W. Co.

dence, that the driver or conductor upon said car had sufficient time to stop said car by the exercise of reasonable care, before colliding with said truck-wagon ; and if the jury further believe, from the evidence, that by so stopping said car, said injury would not have occurred, then such neglect of the driver, if so shown by the evidenc, would constitute negligence upon the part of the railway company, and would prevent a recovery by the plaintiff for the amount of the judgment so recovered by Cornell against the plaintiff. "

This instruction the court refused to give as asked, but modified it as follows, and gave it to the jury so modified:

" 2.    The jury are instructed, as a matter of law, that it was the duty of the plaintiff railway company, at the time of the injury in question, to so run, manage and operate their cars upon their tracks, as not to endanger their passengers, but so as to carry them safely to their several points of destination along the line of said plaintiff's car tracks; and if the jury believe, from the evidence, that the truck-wagon of the defendants in question started to go, and was going, east on Randolph street upon the track of said railway company, or to the south side thereof, at the place of the injury in question, and that the driver or conductor of plaintiff's car, upon which Cornell was riding, saw, or by reasonable care and diligence might have seen said truck-wagon so going along Randolph street, and upon said car-tracks; and if the jury believe, from the evidence, that the driver or conductor upon said car had sufficient time to stop said car, by the exercise of reasonable care, before colliling with said truck-wagon; and if the jury further believe, from the evidence, that by so stopping said car said injury would not have occurred, then the jury will find for the defendants; but it is the duty of the jury to determine, from all the evidence in the case, whether it was the fault of the defendants, or whether it was the fault of the plaintiff, that caused the injury."

The defendants also asked the court to give to the jury the following instruction:

" 3.    The jury are instructed as a matter of law, that if they believe from the evidence in this case that Cornell was

upon the plaintiff's car, being conveyed eastwardly on West Randolph street, for reward or hire to the plaintiff, or to its agent or agents; that while crossing Canal street upon said car the said Cornell received the injury in question by the collision of said car with the truck or wagon of the said defendants; and if the jury further believe from the evidence that the railway company or its driver, by the exercise of reasonable care or diligence might have avoided said collision, and that had it not been for said collision the said Cornell would not have been injured then and there; then in such case the jury are instructed as a matter of law, that so far as the said Cornell's rights of recovery in said action, it is wholly immaterial whether said railway company or the said truck-wagon was the most at fault, or whether the said truck-wagon was at all at fault in causing the collision in question. The jury in such case should find that the plaintiff in this action was guilty of negligence, as charged in Cornell's declaration, and in such case the plaintiff cannot recover in this action for the amount of damages recovered by Cornell and paid by the plaintiff."

This instruction also the court refused to give as asked, but modified the same so as to read as follows, and gave it to the jury so modified:

"3. The jury are instructed, as a matter of law, that if they believe from the evidence in this case, that Cornell was upon the plaintiff's car, being conveyed eastwardly on West Randolph street, for reward or hire to the plaintiff or its agent or agents; that while crossing Canal street upon said car, the said Cornell received the injury in question by the collision of said car with the truck or wagon of the defendants; and if the jury further believe from the evidence that the railway company or its driver, by the exercise of reasonable care or diligence might have avoided said collision, and that had it not been for said collision the said Cornell would not have been injured then and there, then in such case the jury are instructed, as a matter of law, that so far the said Cornell's rights of recovery in said action, it is wholly immaterial whether said railway company or the said truck-wagon was the most at fault, or whether the said truck-wagon was at all at fault, in

causing the collision in question; but the court instructs the jury in this case that they must determine from all the evidence in the case, whether it was the fault of the plaintiff or the fault of the defendants that caused the collision and caused the injury to Cornell; and if they believe that it was the fault of the defendants, then they should find for the plaintiff; but if they find it was the fault of the plaintiff, then the jury will find for the defendants."

The jury, thereupon, found a verdict of $2,000 in favor of the plaintiff, for which sum and costs the plaintiff had judgment.

Messrs. WALKER & CARTER, for appellants; that there can be no contribution between joint tort-feasors, cited Talmage v. Z. & M. R. R. Co. 11 Ohio, 197; City of Boston v. Worthington, 10 Gray, 496; King v. Chase, 15 N. H. 1; Portland v. Richardson, 54 Me. 46; Dillon on Municipal Corporations, 795.

In the suit of Cornell against appellees, for injuries sustained by reason of the collision in question, appellants were not parties and had no right to interfere: Lovejoy v. Murray, 3 Wall. 19; C. & N. W. R. R. Co. v. N. L. Packet Co. 70 Ill. 217.

Appellee must show, in order to recover, that the injury was caused solely by the negligence of appellants: C. B. & Q. R. R. Co v. Lee, 68 Ill. 576.

Mr. F. H. KALES, for appellee; that the declaration has already been adjudged sufficient, cited C. W. Div. R'y Co, v. Rend, 6 Bradwell, 243.

The plaintiff is entitled to recover because of the wrong done by defendants to plaintiff: Chicago v. Robbins, 2 Black. 418; Robbins v. Chicago, 4 Wall. 657.

The measure of damages is the injury done to Cornell: Chicago v. Robbins, 3 Black. 418.

The plaintiff, as against the defendants, was entitled to the right-of-way: Tuley's Ordinances, Chap. 3, §§ 6, 7; Chap. 10, § 21.

BAILEY, J.   The court, by modifying the defendant's second

and third instructions, required the jury to find from the evidence whether the injury to Cornell resulted from the negligence of the plaintiff or from that of the defendants; telling them that in the former case their verdict should be for the defendants, and in the latter for the plaintiff. The language in which these questions were submitted was such as to clearly imply that said injury must have been the result of the negligence of one party or the other solely, and that it could not have resulted from the joint operation of the negligence of both.

There is evidence in the case tending to the conclusion that the driver of the car and the driver of the wagon were both at fault. Each seemed desirous of reaching the place in the rear of the line of vehicles in advance of the other, and both started for that point at about the same instant. The wagon, though much nearer to the line, was directed by the policeman on duty to wait, and it appears that under the circumstances disclosed by the evidence, the ordinances of the city of Chicago gave the car the right to pass first. On the other hand, the driver of the car saw, or by reasonable attention to what was passing before him might have seen, that the wagon was actually moving forward with the apparent determination to get in ahead, and that it was so far in advance of the car that if the attempt was persisted in the car must yield, and allow the wagon to pass first, in order to avoid a collision. To press forward under such circumstances, at the peril of the safety of the passengers on the car, was inexcusably negligent. The fact that under the ordinance the car had the prior right-of-way, was no sufficient excuse. Even though the driver of the wagon may have been in the act of violating an ordinance of the city, the car-driver was not justified in asserting his rights under the ordinance by force. It was his duty to so manage his car, in view of all the circumstances by which he was surrounded, as to avoid, so far as was reasonably within his power, a collision with other vehicles passing on the street. The remedy for a violation of the ordinance was by enforcing the penalty which the ordinance prescribes.

It was not necessary for the jury to find that the injury to

Cornell was wholly the result of the negligence of the car-driver, in order to justify a verdict for the defendants. If it resulted from the joint operation of the negligence of both drivers, the verdict should have been the same. In that case both parties would have been responsible for the injury, and one party, after having been compelled to respond in damages to the person injured, could not call upon the other party to contribute all or any portion of the damages so paid. The law will enforce no contribution as between joint tort-feasors. The instructions, then, should have submitted to the jury the question of the joint negligence of the two drivers. Instead of doing this, they were so framed as to impliedly exclude that view of the case from their consideration.

For the error in giving to the jury the defendant's second and third instructions, as modified, the judgment will be reversed and the cause remanded.

Judgment reversed.